UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BETH BARNHIZER, ET AL.,**

    Plaintiffs,

v.                                                                    **No. 4:24-cv-00580-P**

**AMERICAN AIRLINES, INC.,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss (ECF No. 38). Having considered the motion, briefs, and applicable law, the Court determines that the motion should be and is hereby **GRANTED**.

## BACKGROUND

Plaintiffs (the "Employees") brought this action against their former employer, American Airlines, Inc. ("American"), alleging Fraud, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing. The Employees were flight attendants during the outbreak of the COVID-19 pandemic. Faced with a declining industry, American offered flight attendants the opportunity to accept its Voluntary Early Out Program ("March VEOP"), which provided various benefits for employees who chose to take early retirement.

Thereafter, American announced that it added additional incentives to the March VEOP and "[t]here won't be any more changes to the plans." Each Plaintiff accepted the March VEOP and subsequently signed a waiver of claims while confirming their acceptance. However, four months later, American offered a "new and improved" VEOP for any of the flight attendants who did not accept the March VEOP.

Various flight attendants—including Plaintiffs in the current action—brought suit against American in the Northern District of California for alleged violations under the Age Discrimination in

Employment Act ("ADEA") based on the alleged misrepresentation by American in the March VEOP. That action was dismissed, and the Employees brought new claims against American in this Court.

## LEGAL STANDARD

Rule 12(b)(6) allows defendants to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating Rule 12(b)(6) motions, courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

### A. Applicability of *Res Judicata* at the 12(b)(6) Stage

As an initial matter, the Court must consider whether resolving the question of *res judicata* is appropriate at this stage in the litigation. *Res judicata* is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary

judgment or at trial." *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. E. Baton Rouge Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)). Even so, "dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts" and "if the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)).

American raises *res judicata* as an affirmative defense within its motion to dismiss, citing the employee's prior litigation brought within the Northern District of California—which the Court properly takes judicial notice of as matters of public record from prior court proceedings.[1] *See* ECF No. 38 at 7–8; *Anderson*, 953 F.3d at 314 (authorizing courts to take judicial notice of prior judgments, opinions, and other matters of public records attached to a motion to dismiss). The Employees merely argue that *res judicata* does not succeed in this case. *See* ECF No. 44 at 5–6. However, the Employees have not "challenge[d] [Defendant's] failure to plead [*res judicata*] as an affirmative defense." *Anderson*, 953 F.3d at 314. Since American raised *res judicata* as an affirmative defense based on proper judicially noticed facts and because Plaintiff does not challenge Defendant's failure to plead this affirmative defense, the Court may consider the *res judicata* issue at this stage.

**B.** *Res Judicata* **Analysis**

Now, having determined that *res judicata* may be appropriately considered at this stage, the Court next determines whether *res judicata* principles preclude relief. "Claim preclusion, or 'pure' res judicata, is the 'venerable legal canon' that ensures [sic] the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)

---

[1]The Court takes judicial notice of the public records in the *Kincheloe* action, which are necessary to resolve the present *res judicata* inquiry. *See Taylor v. Charter Med. Grp.*, 162 F.3d 827, 830 (5th Cir. 1998) (affirming that courts may take judicial notice of documents filed in other courts for purposes of establishing the fact of that litigation and related filings).

(quoting *Medina v. I.N.S.*, 993 F.2d 499, 503 (5th Cir. 1993)). *Res judicata* "'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021) (quoting *Test Masters*, 428 F.3d at 571). "Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

The preclusive effect of *res judicata* requires meeting four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters*, 428 F.3d at 571 (citations omitted). Here, the Employees contend that elements three and four have not been met. *See* ECF No. 44 at 7–11.

Employees argue the prior action was not a "final judgment on the merits." *See* ECF No. 44 at 10. Federal Rule of Civil Procedure 41(b) explains that a dismissal for "lack of jurisdiction" is not an adjudication on the merits. FED. R. CIV. P. 41(b). Employees thus contend that the prior action was not a "final judgment on the merits" because "the dismissal of the [prior action] was based on a procedural failure to state facts to support a collective claim of constructive discharge under California law." ECF No. 44 at 10. Employees cite a 1961 Supreme Court decision holding that the "lack of jurisdiction" exception "encompass[es] those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim" which includes a "defect of pleadings." *Costello v. United States*, 365 U.S. 265, 285–86 (1961). However, Employees' argument ignores controlling precedent, which unambiguously holds that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Oreck Direct LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (2009) (holding that the "district court's dismissal of the case with prejudice was a final judgment on the merits"); *Fernandez-Montes v. Allies Pilot Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (internal quotation and citation

4

omitted) ("A dismissal which is designated with prejudice is 'normally an adjudication on the merits for purposes of res judicata.").

The prior action was dismissed for failure to state a claim under Rule 12(b)(6) and not for any jurisdictional defect. *See Kincheloe v. Am. Airlines, Inc.*, No. 21-cv-00515-BLF, 2022 WL 1409235, at *5–6 (N.D. Cal. May 4, 2022) (Freeman, J.), *aff'd* No. 22-15726, 2023 WL 3299989 (9th Cir. May 8, 2023). Granted, the dismissal was not designated "with prejudice." *Id.* at *6. However, "a dismissal is presumed to be with prejudice unless the order explicitly states otherwise." *Fernandez-Montes*, 987 F.2d at 284 n.8 (citing *Federated Dep't Stores*, 452 U.S. at 399 n.3). Thus, a dismissal—such as is present in the prior action—is presumed to be "with prejudice" and has a preclusive effect. Since the Ninth Circuit affirmed the dismissal, it is a "final judgment on the merits" for purposes of *res judicata*.

Next, the Court turns to element four which requires that the "same claim or cause of action was involved in both actions." *Test Masters*, 428 F.3d at 571 (citations omitted). The "transaction test" determines whether both actions involved the same cause of action. *Id.* "Under the transaction test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* A "transaction" is "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation." *Id.* The essential question "is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

Employees contend they are not seeking a second bite at the apple but a "first bite of a completely different apple." ECF No. 44 at 5. The Court disagrees.

Employees argue element four is met because "constructive discharge is not remotely relevant to Plaintiff's claims of fraud," because the claims involve different evidence, and the cases involve different rights. ECF No. 44 at 9–10. While they are correct that different claims involving different rights have been brought before this Court, in a *res*

*judicata* analysis, "[t]he substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence do not inform this inquiry." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). "If the factual scenario of the two actions parallel, the same cause of action is involved in both." *Id.*

As Employees admit, "[t]he record is clear that both cases allege that Defendant made false statements that there would be no additional changes to the VEOPs." ECF No. 44 at 7. Both cases involve the parallel factual scenario where American—due to the declining airline industry during COVID-19—offered Employees benefits in exchange for their early retirement through the March VEOP. *Compare* ECF No. 37 at 3–6, *with Kincheloe*, 2022 WL 1409235, at *1. Thus, both actions concern the "same nucleus of operative facts." *N.Y. Life Ins.*, 203 F.3d at 387. So, the final element of *res judicata* has been met.

Now, as best as the Court can interpret, Employees appear to make a series of procedural arguments under the subheading: "Defendant cannot meet its burden of showing the claim or cause of action was involved in both actions." ECF No. 44 at 7–8 (cleaned up). While procedure does not directly relate any of the elements of *res judicata*, the Employees nevertheless argue they are not precluded from subsequent litigation because the current claims before the Court could not have been brought in the previous class action for various procedural reasons. *See id.* at 7–9. They appear to argue that: (1) because the prior action was governed by class action procedures under the Fair Labor Standards Act ("FLSA"), they could not have brought the current causes of action because these are governed by Fed. R. Civ. P. 23; (2) binding putative class members to a dismissal of a claim precertification would violate their Due Process rights; (3) Supreme Court precedent shows individual class members are not bound by a judgment for claims asserting "pattern or practice" discrimination; and (4) individual fraud claims could not be brought in a class action. *See id.* The Court is not persuaded.

*First*, Employees argue the prior action was governed by class action procedures under the FLSA, so they could not have brought the current causes of action because these are governed by Fed. R. Civ. P. 23. *See id.*

6

at 7–8. To support this contention, Employees cite an Eighth Circuit opinion holding that FED. R. CIV. P. 23 and Section 16(b) of the FLSA are "mutually exclusive" and "irreconcilable." *See* ECF No. 44 at 7–8; *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). Of course, out-of-circuit opinions are not binding precedent. But even if it was binding, the cited proposition misses the mark.

There is indeed an "irreconcilable difference" between FLSA and non-FLSA class action suits. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). However, plaintiffs may nevertheless bring FLSA and non-FLSA class actions in the same case. *See Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-CV-02267, 2022 WL 992671, at *2 (W.D. La. Mar. 30, 2022) (Summerhays, J.) (recognizing that "hybrid cases" of both FLSA and non-FLSA claims may be brought in a single action by "conditionally certifying a collective action under Section 216(b) for the plaintiffs' FLSA claims and certifying (or requiring certification) of a class under Rule 23 for the non-FLSA state claims."); *see, e.g., Esquivel v. Downhole Tech., LLC*, 4:21-CV-00181, 2022 WL 2359276, at *4–5 (S.D. Tex. June 30, 2022) (Edison, M.J.) (allowing FLSA and non-FLSA claims to be litigated simultaneously), *report and rec. adopted*, 2022 WL 2757580 (S.D. Tex. July 14, 2022) (Hanks, J.). And the Ninth Circuit—where the prior action was litigated—is in agreement that FLSA and non-FLSA class actions "can peacefully coexist." *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014). Consequently, no procedural bar prevented Employees from bringing non-FLSA claims in the prior action.

*Second*, Employees argue that putative class members cannot be bound by the dismissal of claim precertification, and thus, it would violate their individual due process rights because they had no opportunity to opt-out. *See* ECF No. 44 at 8. Employees again cite a single out-of-circuit ruling to support this contention. *See id.* But again, the Employees miss the mark. It is true that in order to be precluded from bringing subsequent action by *res judicata*, "absent class members" must have been given notice of the class action and an opportunity to opt-out. *See Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 437 (5th Cir.

1979); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (minimal due process requires that "an absent plaintiff be provided with an opportunity to remove himself from the class be executing and returning an 'opt-out' or 'request for exclusion' form to the court"). However, Employees were not "absent class members." Nor did they lack the opportunity to *opt-out*. Here, each plaintiff was notified of the class action and voluntarily chose to *opt-in*. *See* ECF No. 44 at 8 (admitting that "Plaintiffs may have opted into the *Kincheloe* case"); *see also* ECF 39 at 71–117. So, Employees were afforded their rights under the Due Process Clause.

*Third*, Employees argue that Supreme Court precedent holds that litigated judgment in favor of a defendant against a certified class asserting "pattern or practice" discrimination did not preclude individual class members from later asserting individual discrimination claims. *See* ECF No. 44 at 8. While this is true, the Supreme Court reached this conclusion because the individual discrimination claims pose entirely different questions than "pattern or practice" discrimination. *See Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 877–80 (1984). *Cooper*, does however, conclude that the class members are precluded from litigating the same question in individual suits. *See id.* at 880. For the reasons stated previously in the analysis of element four, the Court rejects Employees' arguments.

*Fourth*, Employees argue that since *Kincheloe* was an ADEA collective action, they could not have brought individual state law fraud claims because the elements of fraud vary across states. *See* ECF No. 44 at 9. Arguing that a critical element of fraud under Texas law is justifiable reliance, which could not be shown on a class-wide basis for thousands of class members. *See id.* However, Employees cite no case law to support this proposition. *See id.* Regardless, it is not true that each and every question of law and fact must be common throughout the entire class. *See Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016). "Even a single common question of law or fact can suffice to establish commonality, so long as resolution of that question 'will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

350 (2011)). As Employees note "both cases allege that Defendant made false statements that there would be no additional changes to the [March] VEOPs." ECF No. 44 at 7; *compare Kincheloe*, 2022 WL 1409235, at *1 ("American allegedly . . . misinform[ed] them that there would be no further early retirement programs"), *with* ECF No. 1 at 4 ("Defendant pressured Plaintiffs to accept the March 2020 VEOP by falsely asserting that Defendant would not offer a better retirement package"). Consequently, no procedural reasons barred the Employees from bringing the current causes of action in the prior action.

All four elements of *res judicata* have been satisfied, so these claims "should have been raised in [the] earlier suit." *Stevens*, 17 F.4th at 570. Thus, Employees are precluded from bringing these causes of action before this Court.

## C. Leave to Amend

Finally, Employees provide a passing request for leave to amend. *See* ECF No. 44 at 14. Under FED. R. CIV. P. 15(a), leave to amend should be freely given when justice so requires. *Forman v. Davis*, 371 U.S. 178, 183 (1962). While courts have "a bias in favor of granting leave to amend," *Martin's Herend Imps., Inc. v. Diamond & Gem. Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999), it is within a court's discretion to deny leave to amend if doing so would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Here, the claims were final at the conclusion of the previous lawsuit, so no amount of amendment will resolve the deficiency of the claims being precluded. Thus, it would be futile to grant leave to amend. Plaintiff's request is **DENIED**.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss is **GRANTED**, and the claims against American Airlines, Inc. are **DISMISSED with prejudice**. Plaintiff's request for leave to amend is **DENIED**.

**SO ORDERED** on this **12th day of November 2024.**


Mark T. Pittman
UNITED STATES DISTRICT JUDGE

10